UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BRYAN ARMENTA LOPEZ, etc., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"); JOHN HAMILTON CONE; BURLINGTON NORTHERN SANTA FE CORPORATION; CALIFORNIA PUBLIC UTILITIES COMMISSION; STANISLAUS COUNTY; CITY OF RIVERBANK; and DOES 1 to 200, inclusive,<br><br>Defendants. | 1:08-cv-1496 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 3/17/10<br><br>Non-Dispositive Motion Filing Deadline: 4/2/10<br><br>Dispositive Motion Filing Deadline: 4/19/10<br><br>Settlement Conference Date: 3/31/10 10:30 Ctrm. 10<br><br>Pre-Trial Conference Date: 6/28/10 11:00 Ctrm. 3<br><br>Trial Date: 8/10/10 9:00 Ctrm. 3 (JT-10 days) |

I.  Date of Scheduling Conference.

    April 3, 2009.

II. Appearances Of Counsel.

    Moreno, Becerra & Casillas by Danilo J. Becerra, Esq., appeared on behalf of Plaintiffs.

    Lombardi, Loper & Conant, LLP, by Jason P. Shane, Esq., appeared on behalf of Defendants National Railroad Passenger Corporation and BNSF Railway Company.

1

Dan Farrar, Esq., appeared on behalf of Defendant County of Stanislaus.

III. Summary of Pleadings.

1. At the intersection of Claribel Road and Terminal Avenue in an unincorporated section of the County of Stanislaus, there is a four-way stop sign. Approximately 45 feet west of the stop sign for the eastbound lane of Claribel Road, there is a railroad grade crossing, where a single track of BNSF's Stockton Subdivision crosses Claribel Road, heading in a north-south direction. The railroad crossing is equipped with train-activated warning devices, including, but not limited to, mast mounted flashing lights, gongs, and crossing gates.

2. On or about May 8, 2007, Maricruz Corral was traveling eastbound on Claribel Road in a Chevrolet Tracker owned by Lucio Corral Rodriguez. Amongst others, decedents Diana Villareal-Lopez, Ramona Lopez-Verduga, and Brian Armenta-Lopez (hereinafter collectively "decedents") were passengers in the vehicle. As Maricruz Corral approached the railroad grade crossing on Claribel Road, just west of Terminal Avenue, there were cars backed up behind the stop sign at the intersection of Claribel Road and Terminal Avenue. Maricruz Corral pulled up behind the stopped cars and stopped her car on the tracks, despite the presence of warnings to not stop thereon. As a train, owned by the State of California and operated by Amtrak, was approaching traveling in a northbound direction, Maricruz Corral failed to clear the tracks, and the train struck the vehicle. All of the vehicle's occupants died at the scene as a result of the collision. Defendants contend that Maricruz Corral's presence on

the tracks and inability to clear the tracks were the result of her negligence.

3. Plaintiffs are heirs of the decedents and have brought claims against the County, Riverbank, BNSF, and Amtrak for dangerous conditions of land, and negligence.

IV. Orders Re Amendments To Pleadings.

1. Plaintiffs' counsel has indicated that Defendants, California Public Utilities Commission and City of Riverbank, have been dismissed from the lawsuit without prejudice. Defendants, DOES 1 through 200, inclusive are HEREBY ORDERED DISMISSED, WITHOUT PREJUDICE, with the understanding that the provisions of Federal Rule of Civil Procedure 15 shall govern the joinder of parties and claims as may be justified by discovery and in accordance with the policies underlying Rule 15. The Estate of Bryan Armenta Lopez is ORDERED DISMISSED WITHOUT PREJUDICE. The Estate of Ramona Lopez Verdugo is ORDERED DISMISSED WITHOUT PREJUDICE.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Bryan Armenta Lopez is deceased, as a result of the train collision that is the subject of this lawsuit.

2. Atilano Armenta Lopez is the biological father of Bryan Armenta Lopez.

3. Plaintiff Brenda Figueroa Lopez is the biological daughter of Ramona Lopez, who was also killed in the railroad accident.

4. Jesus Villareal and Aida Lopez Verdugo are the

biological parents of decedent, Diana Villareal Lopez, who was also killed in the train accident.

    5. Roberto Lopez Valenzuela, son of Jesus Villareal, was also killed in the railroad accident.

    6. Roberto Lopez is the father of Ramona Lopez Verdugo who was killed in the railroad accident.

    7. Rosario Verdugo is the wife of Roberto Lopez and the mother of decedent Ramona Lopez Verdugo.

    8. Araceli Armenta Lopez is the adopted daughter of decedent Ramona Lopez Verdugo.

    9. Plaintiff Julian Armenta Valenzuela is believed to be the husband of decedent Ramona Lopez Verdugo. This is a matter into which continuing investigation is being conducted.

    10. At the intersection of Claribel Road and Terminal Avenue in an unincorporated section of the County of Stanislaus, there is a four-way stop sign.

    11. Approximately 45 feet west of the stop sign of the eastbound lane of Claribel Road, there is a railroad grade crossing, where a single track of BNSF's Stockton Subdivision crosses Claribel Road, heading in a north-south direction.

    12. The railroad crossing is equipped with train-activated warning devices, including, but not limited to, mast-mounted flashing lights, gongs and crossing gates.

    13. On or about May 8, 2007, Maricruz Corral was traveling eastbound on Claribel Road in a Chevrolet Tracker owned by Lucio Corral Rodriguez.

    14. Amongst others, decedents Diana Villareal-Lopez, Ramona Lopez-Verdugo, and Brian Armenta-Lopez were passengers in

the vehicle.

15. As Maricruz Corral approached the railroad grade crossing on Claribel Road, just west of Terminal Avenue, there were cars backed up behind the stop sign at the intersection of Claribel Road and Terminal Avenue.

16. A train owned by the State of California, operated by Amtrak and traveling in a northbound direction struck Maricruz Corral's vehicle.

17. All of the vehicle's occupants died at the scene as a result of the collision.

B. Contested Facts.

1. Defendants contend that there were adequate signs present warning drivers to not stop on the railroad tracks. Plaintiffs dispute the adequacy and placement of any warning signs.

2. Defendants contend that Maricruz Corral pulled up behind stopped cars in front of her and stopped her car on the tracks, despite the presence of warnings to not stop thereon, and thereafter failed to clear the tracks, causing the train to strike her vehicle. Plaintiffs dispute the manner in which Maricruz Corral approached the railroad tracks.

3. All remaining facts are contested.

VI. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. § 1331 and 45 U.S.C. § 501, the statute incorporating the National Railway, and 28 U.S.C. § 1349, as the United States owns more than half of the issued and outstanding common stock of the National Railroad

1  Passenger Corporation.

2      2.   Venue is proper under 28 U.S.C. § 1391.

3      3.   The parties agree that as to state law claims, the substantive law of the State of California provides the rule of decision, including Government Code § 835. It is as yet unresolved whether or not state law is preempted by the Federal Rail-Highway Safety Act or other federal statutes.

   B.   Contested.

    1.   All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties shall make their initial disclosures on or before April 17, 2009.

    2.   The parties are ordered to complete all non-expert discovery on or before December 16, 2009.

    3.   The parties are directed to disclose all expert witnesses, in writing, on or before December 16, 2009. Any rebuttal or supplemental expert disclosures will be made on or

before January 20, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.    The parties are ordered to complete all discovery, including experts, on or before March 17, 2010.

    5.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 2, 2010, and heard on May 7, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than April 19, 2010, and will be heard on May 24,

1 | 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United
2 | States District Judge, in Courtroom 3, 7th Floor.  In scheduling
3 | such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

    1. June 28, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial Date.

    1. August 10, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. This is a jury trial.

    3. Counsels' Estimate Of Trial Time:

        a. 10 days.

    4. Counsels' attention is directed to Local Rules

of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for March 31, 2010, at 10:30 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to

request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5. The Confidential Settlement Conference Statement shall include the following:

        a. A brief statement of the facts of the case.

        b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c. A summary of the proceedings to date.

        d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e. The relief sought.

        f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. At this time, no bifurcation or other trial shortening is expected.

XVI. Related Matters Pending.

    1. There are two related matters entitled <u>Lucio Corral Rodriguez v. County of Stanislaus, et al.</u>, Case Number 1:08-cv-00856 OWW and <u>State Farm Automobile Insurance Co. v. Brenda Beatrice Figueroa Lopez, et al.</u>, (interpleader), Superior Court

of California, County of Stanislaus, Case Number 634210.

XVII. Compliance With Federal Procedure.

1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __April 6, 2009__                    _____/s/ Oliver W. Wanger_____

UNITED STATES DISTRICT JUDGE